Kelsey Harclerode (SBN 313976)
kelsey@zwillgen.com
Adya Baker (admitted *pro hac vice*)
adya@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Attorneys for Defendants
**ALLSTATE INSURANCE COMPANY and
STANCORP FINANCIAL GROUP, INC.**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CA, INC. d/b/a CA TECHNOLOGIES (A BROADCOM COMPANY), <br><br> *Plaintiff,* <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY and STANCORP FINANCIAL GROUP, INC. <br><br> *Defendants.* | Case No. 3:25-cv-03862-CRB <br> Judge: Hon. Charles R. Breyer <br><br> **DEFENDANT STANCORP FINANCIAL GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendant STANCORP FINANCIAL GROUP, INC. ("StanCorp"), by and through its undersigned counsel, hereby answers each of the numbered paragraphs of the Amended Complaint ("FAC") filed by Plaintiff.  Defendant denies all of the FAC's allegations unless expressly admitted herein.  All headings and subheadings contained herein correspond with the headings and subheadings used in the FAC and are included for organizational purposes only.  Defendant denies all factual allegations included in headings and/or subheadings of the FAC.  Defendant answers the allegations in the like-numbered paragraphs of the FAC as follows:

### NATURE OF THE ACTION

1.    Defendant admits that Plaintiff purports to bring this action alleging copyright infringement, vicarious copyright infringement, contributory copyright infringement, breach of contract, and for declaratory judgment. Except as expressly admitted, Defendant denies each and every remaining allegation in Paragraph 1 of the FAC.

2.    Paragraph 2 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 2 of the FAC.

3.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC and refers the Court to the documents cited therein, which speak for themselves.

### PARTIES

4.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC and on that basis denies those allegations.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC and on that basis denies those allegations.

6.    Defendant admits that StanCorp is an Oregon corporation with its principal place of business in Oregon.

### JURISDICTION AND VENUE

7.    Paragraph 7 of the FAC contains legal conclusions to which no response is required.  Defendant denies all remaining allegations in Paragraph 7 of the FAC.

8.    Paragraph 8 of the FAC contains legal conclusions to which no response is

1

required.  Defendant denies all remaining allegations in Paragraph 8 of the FAC.

9.      Paragraph 9 of the FAC contains legal conclusions to which no response is required.  Defendant denies all remaining allegations in Paragraph 9 of the FAC.

10.     Paragraph 10 of the FAC contains legal conclusions to which no response is required.  Defendant denies all remaining allegations in Paragraph 10 of the FAC.

11.     Paragraph 11 of the FAC contains legal conclusions to which no response is required.  Defendant denies all remaining allegations in Paragraph 11 of the FAC.

12.     Paragraph 12 of the FAC contains legal conclusions to which no response is required.  Defendant denies all remaining allegations in Paragraph 12 of the FAC.

### GENERAL ALLEGATIONS

13.     Defendant admits that Plaintiff purports to bring this action for copyright infringement, contributory copyright infringement, vicarious copyright infringement, breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment. Defendant denies that Defendant engaged in unauthorized reproduction and distribution of CA's copyrighted software and each and every remaining allegation in Paragraph 13 of the FAC.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC and on that basis denies those allegations.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC and on that basis denies those allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC and on that basis denies those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC and on that basis denies those allegations.

18.     Defendant admits that workload automation tools can be provided through software that executes tasks without human intervention.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the FAC and on that basis denies those allegations.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC and on that basis denies those allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC and on that basis denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC and on that basis denies those allegations.

22.     Admitted.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the FAC and on that basis denies those allegations.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the FAC and on that basis denies those allegations.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC and on that basis denies those allegations.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC and on that basis denies those allegations.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the FAC and on that basis denies those allegations.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC and on that basis denies those allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC and on that basis denies those allegations.

30.     Defendant admits that CA sent a letter on April 10, 2025, which speaks for itself. To the extent a response is otherwise required, Defendant denies the allegations contained in Paragraph 30 of the FAC.

31.     Defendant admits that outside counsel for CA sent a letter to StanCorp, which speaks for itself, and denies the remaining allegations in Paragraph 30 of the FAC.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC and on that basis denies those allegations.

3

33. Paragraph 33 purports to quote or paraphrase portions of the CA Master Agreement, which speaks for itself. The remainder of Paragraph 33 of the FAC contains legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the FAC and on that basis denies those allegations.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC and on that basis denies those allegations.

35. Defendant admits that StanCorp is not a majority-owned subsidiary of Allstate. The remainder of Paragraph 35 of the FAC states a legal conclusion to which no response is required.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the FAC and on that basis denies those allegations.

37. Paragraph 37 purports to quote or paraphrase portions of the CA Master Agreement, which speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the FAC and on that basis denies those allegations.

38. Paragraph 38 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 38 of the FAC.

39. Paragraph 39 purports to quote or paraphrase portions of the 2021 Order Form, which speaks for itself.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the FAC and on that basis denies those allegations.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the FAC and on that basis denies those allegations.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the FAC and on that basis denies those allegations.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the FAC and on that basis denies those allegations.

44.    Defendant admits that the Complaint purports to state claims based on the Copyright Act and Agreements between Allstate and CA.

45.    Denied.

## COUNT 1
### Direct Copyright Infringement
### (Against Allstate)

46.    Defendant incorporates its responses to Paragraphs 1–46 as if fully set forth herein.

47.    Defendant admits that CA is listed as the registered owner for the copyright registrations attached in Schedule A to the Complaint, which speak for themselves.

48.    Paragraph 48 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 48 of the FAC.

49.    Paragraph 49 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 49 of the FAC.

50.    Defendant admits that Allstate divested its EVB business to StanCorp.  Except as expressly admitted, Defendant denies each and every remaining allegation and characterization in Paragraph 50.

51.    Denied.

52.    Denied.

53.    Paragraph 53 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 53 of the FAC.

54.    Paragraph 54 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 54 of the FAC.

55.    Denied.

56.    Defendant admits that CA requests recovery of its costs and attorneys' fees but denies that recovery of such costs and fees is warranted.

## COUNT II
### Contributory Copyright Infringement
### (Against StanCorp)

57.    Defendant incorporates its responses to Paragraphs 1–57 as if fully set forth herein.

58.    Admit.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Paragraph 65 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 65 of the FAC.

66. Denied.

67. Defendant admits that CA requests recovery of its costs and attorneys' fees but denies that recovery of such costs and fees is warranted.

## COUNT III
### Vicarious Copyright Infringement
### (Against StanCorp)

68. Defendant incorporates its responses to Paragraphs 1–67 as if fully set forth herein.

69. Admit.

70. Denied.

71. Denied.

72. Defendant admits that StanCorp now owns and controls the EVB business. Defendant denies each and every remaining allegation in Paragraph 72 of the FAC.

73. Denied.

74. Paragraph 74 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 74 of the FAC .

75. Paragraph 75 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 75 of the FAC.

76. Denied.

77. Defendant admits that CA requests recovery of its costs and attorneys' fees but denies that recovery of such costs and fees is warranted.

## COUNT IV
### Breach of Contract
### (Against Allstate)

78. Defendant incorporates its responses to Paragraphs 1–77 as if fully set forth herein.

79. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

80. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

81. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

82. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

83. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

84. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

85. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

86. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

87. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

88. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

89. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

90. Count IV is not directed to Defendant StanCorp. To the extent an answer is nonetheless required, Defendant denies the allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT;
CASE NO. 3:25-CV-03862-CRB

91.    Count IV is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

## COUNT V
### Breach of Contract (Failure to Permit Audit and Provide Records)
### (Against Allstate)

92.    Defendant incorporates its responses to Paragraphs 1–91 as if fully set forth herein.

93.    Count V is not directed to Defendant StanCorp and thus no answer is required.  To the extent an answer is nonetheless required, Defendant denies the allegations.

94.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

95.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

96.    Count V. is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

97.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

98.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

99.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

100.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

101.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

102.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

103.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

104.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

105.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

106.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

107.    Count V is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

### COUNT VI
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against Allstate)

108.    Defendant incorporates its responses to Paragraphs 1–107 as if fully set forth herein.

109.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

110.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

111.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

112.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

113.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

114.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

115.    Count VI is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

## COUNT VII
### Declaratory Judgment
### 28 U.S.C. § 2201
### (Against Allstate)

116.    Defendant incorporates its responses to Paragraphs 1–115 as if fully set forth herein.

117.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

118.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

119.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

120.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

121.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

122.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

123.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

124.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

125.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

126.    Count VII is not directed to Defendant StanCorp.  To the extent an answer is nonetheless required, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would otherwise bear, Defendant asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of

10

which constitute an admission that Defendant is in any way liable to CA, that CA has been or will be injured or damaged in any way, or that CA is entitled to any relief whatsoever.  Defendant reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to Defendant.  As a defense to CA's claims and each and every allegation contained herein, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to constitute any cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff granted Allstate an express license to use the copyrighted material at issue in this action and that Allstate used the copyrighted material in a manner consistent with that license. Accordingly, any use of the work by Defendant was authorized and lawful, and therefore cannot constitute copyright infringement. Plaintiff's claims are barred, in whole or in part, by virtue of this express license.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Allstate and StanCorp each had implied licenses to use the copyrighted material at issue in this action and used the material in a manner consistent with such implied licenses.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant lacked knowledge of any purportedly infringing activity and lacked any material contribution to any purportedly infringing activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant lacked any right or ability to supervise, control, or stop any purportedly infringing conduct, or any direct financial interest in it.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the terms of any applicable agreements between Allstate and Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Allstate and StanCorp's conduct was innocent, non-infringing, and not a willful infringement of copyright.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped by Plaintiff's own course of conduct from pursuing each and every cause of action asserted in the complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by reason of the doctrine of election of remedies.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because by reason of the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the FAC, and each purported claim contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law to warrant the filing of said complaint against this answering Defendant; that Plaintiff is therefore responsible for all necessary and reasonable costs, including attorney's fees, incurred by this answering defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any recovery on the allegations in the Complaint because Defendant has abided by and complied with all applicable laws, regulations and statutes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering the relief sought because Plaintiff would be unjustly enriched if permitted to obtain recovery in this action because such recovery would be disproportionate to the harm, if any, suffered by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's claims, enter judgment in Defendants' favor and against Plaintiff on its First Amended Complaint and such other relief as this Court deems just and proper, including:

A. Dismissal of Plaintiff's claims with prejudice;

B. Denial of all relief requested by Plaintiff;

C. Reasonable attorneys' fees and costs; and

D. All other relief to which Defendants might be entitled at law or equity.

DATED: August 18, 2025

ZWILLGEN PLLC

By:  /s/ Adya Baker
     Adya Baker (*pro hac vice*)
     adya@zwillgen.com

**Attorney for Defendants**
Allstate Insurance Company and
StanCorp Financial Group, Inc.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT;
CASE NO. 3:25-CV-03862-CRB