**HUESTON HENNIGAN LLP**
Alison L. Plessman, State Bar No. 250631
aplessman@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340
Facsimile:     (888) 866-4825

Attorneys for Plaintiff
CA, Inc. d/b/a CA Technologies (a Broadcom Company)

**ZWILLGEN PLLC**
Kelsey Harclerode (SBN 313976)
kelsey@zwillgen.com
Adya Baker (admitted *pro hac vice*)
adya@zwillgen.com
Laura-Kate Bernstein (admitted *pro hac vice*)
Laura-Kate@zwillgen.com
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Attorneys for Defendants
Allstate Insurance Company and
Stancorp Financial Group, Inc.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CA, INC. d/b/a CA TECHNOLOGIES (A BROADCOM COMPANY),<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY. and STANCORP FINANCIAL GROUP, INC.<br><br>Defendants. | Case No. 3:25-cv-03862-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**Jury Trial Demanded** |

- 1 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Pursuant to the Case Management Order entered by this Court on March 23, 2026 (Dkt. 47), Plaintiff CA, Inc. ("Plaintiff" or "CA") and Defendants Allstate Insurance Company ("Allstate"), and StanCorp Financial Group ("StanCorp" and, together, "Defendants") respectfully submit this Joint Case Management Statement and [Proposed] Order.

## 1.    Jurisdiction & Service

*Plaintiff's Statement:* The basis for the Court's subject matter jurisdiction is that Plaintiff's claims are for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.* The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The Court also has subject matter jurisdiction under 18 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. All Defendants have been served. Plaintiff is unaware of any additional parties to be served at this time, but Plaintiff reserves the right to join additional parties at a later date should new facts come to light.

Venue is proper in this Court because Defendants are subject to personal jurisdiction in this Court. This Court has personal jurisdiction over Allstate because the relevant transaction agreement was negotiated in this forum, the software at issue is owned in and controlled from this forum, and the harm allegedly resulting from Defendants' conduct was suffered in this forum. This Court has personal jurisdiction over StanCorp because it has purposefully availed itself of the privilege of conducting activities in this forum by purportedly using copyrighted software owned by Plaintiff (a California citizen) without authorization, allegedly inducing and causing such unauthorized use on the part of Allstate, and purportedly causing foreseeable harm to Plaintiff in this forum.

*Defendants' Statement:* Defendants do not dispute Plaintiff's contention that this Court has jurisdiction over this matter, nor that venue is proper in this Court. However, Defendants disagree with Plaintiff's characterization of the underlying facts giving rise to this dispute. Namely, Defendants dispute that they used copyrighted software owned by Plaintiff without authorization.

///

**2.      Facts**

*Plaintiff's Statement:* This is an action for copyright infringement, breach of contract, and breach of the implied covenant of good faith and fair dealing. Plaintiff is the copyright holder for the copyrighted software ESP Workload Automation 12.0 and XCOM Data Transport for z/OS 12.0 (as defined in the Amended Complaint, ECF No. 26) (together, the "Divestiture Offerings"). Through Order Form #00333778.0 dated November 20, 2021 ("2021 Order Form"), Plaintiff agreed to license its copyrighted software to Allstate. The 2021 Order Form provides that Allstate's use of Plaintiff's software and services, including the Divestiture Offerings, is governed by the 2021 Order Form and the CA Software License Agreement dated August 1, 1994, #396687, as amended May 1, 1995 ("CA Master Agreement" and, together with the 2021 Order Form, "Agreements"). Allstate has no rights under the Agreements to: (i) allow use of the Divestiture Offerings by a divested entity; or (ii) use the Divestiture Offerings on behalf of a divested entity; or (iii) allow or perform processing activities by, or on behalf of, the divested entity for the Divestiture Offerings ("Divesture Use"). However, Plaintiff learned on or around April 1, 2025, that the stated divestiture had closed without Allstate first securing the rights necessary to engage in Divestiture Use. Allstate has admitted such Divestiture Use occurred after April 1, 2025. The Divestiture Use and disclosure of CA's confidential information to StanCorp violates the Agreements and infringes CA's intellectual property rights.

Allstate claims that its use of the Divestiture Offerings was only for its own benefit and, at all times, operated solely within Allstate's systems. CA disputes Allstate's claim regarding its Divestiture Use. Documents produced by Allstate, including technical log files, are inconsistent with this representation. Moreover, in written discovery, Allstate confirmed that, as part of the divestiture, it conveyed several of its employees to StanCorp to assist in the transition of the divested entity. Those employees continued to use the Divestiture Offerings while assisting the transition of the divested entity to StanCorp, which CA contends was Divestiture Use clearly for the benefit of StanCorp.

The 2021 Order Form also included a "CA Audit" requirement, which granted Plaintiff the right to "verify compliance with this Order Form and the [CA Master Agreement]" and

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

"engage an independent auditor." On April 29, 2025, CA issued a written demand to verify Allstate's compliance with the 2021 Order Form and CA Master Agreement. CA followed up several times thereafter, reiterating its contractual audit rights. Allstate failed and refused to timely permit the audit, despite confirming that it had received the audit demand. Allstate's failure and refusal to timely permit the audit is a material breach of the 2021 Order Form.

On August 18, 2025, Allstate filed counterclaims against CA for breach of contract and breach of the implied covenant of good faith and fair dealing based on alleged violations of the 2021 Order Form's audit provision. On September 8, 2025, CA filed its Answer to Allstate's counterclaims. CA denies that it breached any provision of the 2021 Order Form, and maintains that its audit demand adhered to the audit process provided by the "CA Audit" provision of the 2021 Order Form.

*Defendants' Statement*: This case involves Allstate and StanCorp's alleged use of two pieces of CA software—ESP Workload Automation 12.0 (the "ESP Software") and XCOM Data Transport for z/OS 12.0 (the "XCOM Software", together with the ESP Software, the "CA Software") while the divestiture of two Allstate subsidiaries—American Heritage Life Insurance Company and American Heritage Service Company (collectively the "EVB Companies")— to StanCorp was ongoing.

Allstate's use of the CA Software is governed by two contracts—the 2021 Order Form, in which CA agreed to license over sixty products and services (including the CA Software) to Allstate and the CA Master Agreement, dated August 1, 1994, in which CA granted Allstate a license to use its software (together with the 2021 Order Form, the "Agreements"). Section 1 of the CA Master Agreement, grants Allstate a "non-transferable, non-exclusive, perpetual license" to use CA's software for Allstate's operations and to process its own data. The CA Master Agreement includes a confidentiality provision in Section 15, wherein Allstate agrees to keep CA's software and trade secrets confidential but contemplates the sharing of confidential information with both authorized Allstate employees *and* consultants.

In February 2025, Allstate sent a letter notifying parties of the planned divestiture of the

- 4 -

EVB Companies to StanCorp set to close in "early 2025" and noting its intent to use certain services in connection with that transition for a period of *up to* two years. FAC ¶ 24. CA alleges that Allstate has no rights under the Agreements to engage in what it defines as Divestiture Use, which includes: allowing the use of ESP and XCOM Software by a divested entity, using the ESP and XCOM Software on behalf of a divested entity, or allowing or performing processing activities by, on the behalf of, the divested entity. *Id.* ¶¶ 25–26. The Parties engaged in some initial communications about CA's assertions regarding Allstate's license but did not reach a formal resolution before the planned divestiture closed on April 1, 2025. *Id.* ¶¶ 27–29.

Plaintiff filed the original Complaint in this matter on May 2, 2025, Defendants moved to dismiss for failure to state a claim for breach of contract or copyright infringement (direct and secondary) on June 30, 2025, and on July 14, Plaintiff filed the Amended Complaint ("FAC"). In the FAC, Plaintiff dropped several factual allegations and added two additional causes of action related to Allstate's alleged failure to cooperate with CA's audit rights under 2021 Order Form. Defendants deny all allegations against them in the FAC. Like the original Complaint, the FAC contains no non-conclusory allegations describing any conduct that implicates CA's exclusive rights under the Copyright Act, nor does it contain any non-conclusory allegations explaining *how* Defendants' alleged conduct implicates CA's exclusive rights under the Copyright Act. Further contrary to Plaintiff's assertion, Allstate does not concede that it engaged in any "Divestiture Use" of the CA Software or that the defined term Divestiture Use describes activities that are outside of the scope of Allstate's license or in violation of the terms of the Agreements, including the allegation that Allstate's use of the CA Software was "on behalf of StanCorp." At all relevant times, Allstate's use of CA Software was for its own benefit and within the scope of its licenses. Contrary to Plaintiff's allegations, Allstate did not distribute or reproduce the CA Software or otherwise engage in any copyright infringement, nor did Allstate disclose the software in violation of Section 15 of the CA Master Agreement. At all times, Allstate operated CA Software solely within its own IT environment and for its own benefit.

JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER

Defendant Allstate did not engage in any infringing conduct, and Defendant StanCorp cannot have engaged in any contributory or vicarious infringement. Defendant StanCorp has no knowledge of any unauthorized acts of copyright infringement by Defendant Allstate, nor does Defendant StanCorp have the right or ability to supervise, control, or stop any such activity.

Plaintiff seeks damages in excess of $80,000,000 but provides no basis for this calculation. Plaintiff claims it is entitled to statutory damages for its copyright claim, but the copyright for the XCOM software post-dates all allegedly infringing activity. As to the contract claims based on Allstate's alleged failure to comply with the audit, evidence will show that Allstate complied with the audits in good faith and Plaintiff's allegations to the contrary are unfounded.

On August 18, 2025, Allstate filed counterclaims against Plaintiff for breach of contract and breach of the implied covenant of good faith and fair dealing based on Plaintiff's violations of the 2021 Order Form's audit provision. The 2021 Order Form includes a contractually agreed to audit process whereby CA agreed to (1) engage an independent auditor; (2) provide a minimum of sixty days' notice before verifying compliance; and (3) verify compliance only in a manner that does not interfere unreasonably with Allstate's operations. Plaintiff breached each of these provisions. Plaintiff initiated four audits simultaneously, demanding compliance on fewer than sixty days' notice in a manner that unreasonably interfered with Allstate's operations. Moreover, Plaintiff did not engage an independent auditor to conduct one of the audits of software subject to the 2021 Order Form. Additionally, even after filing claims against Allstate related to the audits, Plaintiff continued to demand information from Allstate. Despite repeatedly being advised that any such requests must be channeled through counsel in the context of discovery, Plaintiff repeatedly made direct demands to Allstate employees, outside the presence of counsel, requesting otherwise discoverable documents and data. This conduct continued even after Allstate verified all data properly within the scope of the audits had been produced. Plaintiff in this manner materially breached the terms of the 2021 Order Form and the implied covenant of

good faith and fair dealing.

**3.    Legal Issues**

*Plaintiff's Statement:* Subject to and without waiving its positions and arguments, Plaintiff states that the disputed points of law in this litigation include, but are not limited to, the following: (a) whether Allstate infringed on Plaintiff's copyrights in its ESP Workload Automation 12.0 and XCOM Data Transport for z/OS 12.0 software by engaging in Divestiture Use for, or on behalf of, StanCorp, in violation of 17 U.S.C. § 501; (b) whether StanCorp engaged in contributory copyright infringement as a result of Allstate's divestiture of its EVB business to StanCorp in violation of 17 U.S.C. § 501; (c) whether StanCorp engaged in vicarious copyright infringement as a result of Allstate's divestiture of its EVB business to StanCorp in violation of 17 U.S.C. § 501; (d) whether Allstate breached the Agreements because it did not use the Divestiture Offerings only for the internal operations of Allstate and only to process its own data and/or because it disclosed CA's confidential information to StanCorp; (e) whether Allstate has breached the 2021 Order Form by failing to comply with the CA Audit provision of the 2021 Order Form; (f) whether Allstate breached the implied covenant of good faith and fair dealing by refusing to timely permit and obstructing Plaintiff's audit under the CA Audit provision of the 2021 Order Form; (g) whether Plaintiff is entitled to declaratory judgment that Allstate's licenses to use the Divesture Offerings governed by the CA Master Agreement are restricted to the internal operations of Allstate and that the CA Master Agreement contains no divesture rights and does not permit any Divestiture Use; and (h) whether Defendants are entitled to any relief requested in the Prayer for Relief or elsewhere in the Answer, Affirmative Defenses, or Counterclaims, including any counterclaims for breach of contract and for breach of the implied covenant of good faith and fair dealing arising out of CA's audit demand.

*Defendants' Statement*: Defendants deny that they have infringed on CA's copyrights and Allstate denies that it has breached its Agreements with CA. The central legal issues in this matter are:

(a)    Whether the Agreements prohibit Divestiture Use as defined by Plaintiff;

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

(b)     Whether Allstate's use of CA Software for its own benefit, in its own IT environment, falls within Plaintiff's definition of Divestiture Use;

(c)     Whether Allstate's use of CA Software for its own benefit, in its own IT environment, breached the confidentiality provisions of the Agreements;

(d)     Whether and how CA's damages are related to any alleged breach of the Agreements;

(e)     Whether Plaintiff can state any claim for copyright infringement where Allstate never distributed or reproduced the CA Software;

(f)     Whether StanCorp can be contributorily or vicariously liable where Allstate never distributed or reproduced the CA Software;

(g)     Whether StanCorp can be vicariously liable where it has no right or ability to supervise, control, or stop Allstate from using CA Software for Allstate's own benefit within Allstate's own IT environment;

(h)     Whether Allstate breached the audit provisions of the 2021 Order Form where it substantially complied in good faith with Plaintiff's demands;

(i)     Whether Plaintiff breached the 2021 Order Form by failing to comply with the CA Audit provision of the 2021 Order Form; and

(j)     Whether Plaintiff breached the implied covenant of good faith and fair dealing by implementing four audits simultaneously, failing to provide the requisite sixty days' notice, failing to engage an independent auditor on an audit of software subject to the 2021 Order Form, and by conducting its audits in a manner that unreasonably interfered with Allstate's operations.

**4.     Motions**

There are no pending motions.

*Plaintiff's Anticipated Motions:* (a) Plaintiff intends to file a motion to compel discovery if Allstate continues to obstruct CA's discovery efforts; (b) Plaintiff expects that it may file motions for summary judgment at the close of discovery; and (c) Plaintiff may need to file

- 8 -

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

further motions to compel, limit, or quash discovery.

*Defendants' Anticipated Motions:* Defendants expect to file a motion for summary judgement at the close of discovery. Defendants may file a motion to compel compliance with Plaintiff's initial disclosure obligations, as Plaintiff has refused to provide any computation or basis for its extraordinary claim of $80,000,000 in damages. Defendants may also need to file motions to compel, limit, or quash discovery.

**5.    Amendment of Pleadings**

Plaintiff has amended its complaint once as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1).

*Plaintiff's Anticipated Amendments:* Plaintiff may seek leave to further amend its complaint as additional facts and claims are discovered, including but not limited to additional acts of infringement or breaches of the Agreements. Plaintiff reserves its rights to make any such amendments.

*Defendants' Anticipated Amendments:* Defendant Allstate may seek leave to amend its counterclaims as additional facts and claims are discovered, including but not limited to additional breaches of the Agreements, and Defendant StanCorp may seek leave to add counterclaims as additional facts and claims are discovered. Defendants reserve the right to make any such amendments.

**6.  Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and, on July 11, 2025, met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this paction. The parties are complying in good faith with their obligations to preserve potentially relevant evidence. On October 28, 2025, the parties entered a stipulated Order with respect to electronically stored information ("ESI"), addressing the format and manner of production of ESI and other related matters. Dkt. 38.

///

///

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

## 7. Disclosures

The parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on July 31, 2025. Defendant Allstate supplemented its initial disclosures on December 22, 2025.

*Defendants' Statement:* Defendants contend that Plaintiff's initial disclosures are deficient for failing to provide a damages computation as required by Federal Rule of Civil Procedure 26(a)(1)(iii). Plaintiff has instead improperly attempted to shift its disclosure burden to Defendants. Plaintiff alleged $80,000,000 in damages, and, as of June 11, continues to refuse to provide any computation or basis for that extraordinary sum. Furthermore, Defendants disagree with Plaintiff's contention that it lacks sufficient information to ascertain the scope of its damages. Defendants have produced information in discovery showing that Allstate did not reproduce or distribute the CA Software or use it other than for its own benefit and within its own IT environment, consistent with its contractual agreements. Defendants have further produced information in discovery showing that StanCorp did not run the CA Software on its systems, nor did it have control over or directly use the CA Software during the relevant time period.

Plaintiff further failed to disclose all relevant witnesses, including but not limited to the first witness Plaintiff deposed.

*Plaintiff's Statement:* Plaintiff contends that Allstate's initial disclosures are deficient in light of Allstate's counterclaim. Allstate's initial disclosures claim that Allstate "is not claiming any damages," despite Allstate seeking "[d]amages to be determined at trial" and "[r]easonable attorneys' fees and costs" related to its counterclaim. Moreover, Plaintiff contends that its initial disclosures disclosed its assessment of damages "in light of the information currently available to it in sufficient detail." *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Information necessary to calculate damages is in the possession of Defendants. Until Defendants produce documents and information sufficient to ascertain the scope of their unauthorized use, Plaintiff is unable to calculate an exact damages computation. Defendants have not produced any financial documents, including evidence of its profits attributable to the use of

JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER

the Divestiture Offerings, that would allow Plaintiff to calculate its damages. Defendants have only produced non-human-readable technical log files that cannot be analyzed without expert discovery and, in any event, do not reveal any information about Defendants' profits that would allow Plaintiff to calculate its damages. Plaintiff also maintains that its initial disclosure of witnesses was appropriate based on the information reasonably available to Plaintiff at the time the disclosures were made.

**8.    Discovery**

*Protective Orders Regarding Confidentiality and ESI Protocol:*

On October 28, 2025, the parties entered a Stipulated Protective Order governing the production of confidential, proprietary, and trade secret information. Dkt. 37.

The parties agree that there shall be no changes to the discovery limits set by the Federal Rules of Civil Procedure and/or the Local Rules of the Northern District of California at this time.

*Plaintiff's Anticipated Discovery:* Plaintiff anticipates seeking discovery related to, among other things, the following:

1.    All material facts regarding Defendants' divestiture use and infringement of Plaintiff's copyrighted software;

2.    Any agreements and communications between Allstate and StanCorp regarding the divestiture use and infringement of Plaintiff's copyrighted software;

3.    All material facts regarding Allstate's disclosure of CA's confidential information to StanCorp or other third parties;

4.    All material facts regarding Allstate's use of CA's software other than for the internal operations of Allstate (or its affiliates) or to process Allstate's own data;

5.    All material facts pertaining to Plaintiff's efforts to audit Allstate and Allstate's noncompliance;

6.    All material facts pertaining Defendants' destruction of relevant evidence;

7.    All material facts pertaining to CA's damages, including the disgorgement of profits attributable to the infringement.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

***Plaintiff's Statement Regarding Status of Discovery***: The parties have exchanged requests for production and interrogatories. Plaintiff has taken one deposition, which was cross-noticed by Defendants. Plaintiff has served responses to Defendants' requests for production and first set of interrogatories and is producing responsive documents on a rolling basis. Plaintiff's review of documents and information produced by Defendants is ongoing. The parties have conferred to resolve deficiencies identified by Plaintiff with Defendants' productions and written discovery responses, and those discussions are ongoing. Plaintiff remains available to meet and confer with Defendants as needed. Plaintiff has filed a Notice of Discovery Dispute and the parties have received a referral to a Magistrate Judge to resolve any discovery disputes. Should the parties be unable to resolve these issues informally, Plaintiff intends to file a motion to compel discovery.

Plaintiff has produced over 12,000 pages of documents, and is continuing to produce responsive documents on an ongoing basis. Defendants have produced over 850,000 pages of non-human-readable technical log files, which require expert analysis. Defendants have not produced any human-readable documents, including any emails, communications, or documents. In an effort to move the case forward, Defendants asked Plaintiff to provide Defendants with a list of priority items that would lead to a fruitful mediation. After providing the list of priority items (at Defendants' request), Defendants provided some, but not all, of Plaintiff's priority information. Defendants have also provided a list of priority items to Plaintiff that Defendants believe would lead to a fruitful mediation. Plaintiff is working to gather Defendants' requested priority information, and is willing to participate in mediation once the parties have the information they need for a meaningful mediation. While the parties have agreed to participate in private ADR, and the Court has referred the case to private ADR, the parties' agreement does not require Plaintiff to identify a date by which mediation must happen nor impose discovery obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure.

While the parties continue discussing what information is needed for a meaningful mediation, Plaintiff believes that the case should move forward through discovery. The parties have met-and-conferred for months regarding deficiencies in Defendants' responses to Plaintiff's

written discovery requests, with no resolution. To that end, Plaintiffs intend to move to compel further responses and production to its written discovery unless the parties are able to reach an agreement on a concrete proposal for production. Plaintiffs remain willing to meet and confer as needed.

**Defendants' Anticipated Discovery**

1. Plaintiff's basis for the allegations made in the FAC;
2. All documents supporting Plaintiff's damages calculation;
3. All internal communications pertaining to Plaintiff's audit request to Allstate
4. All material facts related to Plaintiff's contractual agreements with Allstate related to the software at issue;
5. All material facts related to the timing of the copyright registrations for the CA Software;
6. All material facts related to the license fees charged for the CA Software, the market value of such licenses, and Plaintiff's licensing practices;
7. All material facts regarding Plaintiff's disclosure of confidential information to StanCorp or other parties;
8. All internal communications related to Plaintiff's relationship with StanCorp; and
9. All material facts regarding CA's noncompliance with the audit provision of the 2021 Order Form.

**Defendants' Statement regarding Status of Discovery:** The parties have exchanged requests for production and interrogatories, Plaintiff has taken one deposition, and the parties have identified the subset of discoverable information each contends is reasonably necessary for fruitful mediation. However, the production of responsive information to date has been one-sided. Allstate has produced more than 850,000 documents, substantially responded to Plaintiff's interrogatories, and provided responsive information and documents to Plaintiff's identified 'priority' pre-mediation discovery. StanCorp has similarly complied with Plaintiff's discovery requests. However, Plaintiff has not yet produced any of the documents Defendants have identified as necessary for a productive mediation.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

On July 25, 2025, the court ordered ADR in this case, in line with the parties' agreement. Doc. 31. On September 4, 2025, Allstate circulated mediator proposals and asked Plaintiff to do the same. Plaintiff responded that it required certain discovery before it would consider mediation. Since then, Allstate has produced more than 850,000 documents and continued to gather and produce materials in good faith. In October 2025, Plaintiff served interrogatories that it represented to be the "priority" information it wanted before it would agree to mediation. Allstate responded substantively to eight of the twelve interrogatories, produced additional documents where appropriate, offered to meet and confer on two interrogatories to better understand the requests, identified one as duplicative of Plaintiff's document requests, and objected to one as seeking privileged information. After receiving Allstate's responses, Plaintiff noticed the deposition of former Allstate employee Don McEwan. Allstate cross-noticed the deposition. Mr. McEwan's testimony, to the extent relevant, only confirmed Allstate's longstanding position that it did not engage in any unauthorized use of CA software. Following the deposition, Allstate again urged Plaintiff to proceed with mediation.

On March 2, 2026, the parties met and conferred regarding Allstate's discovery responses. During that conference, despite Plaintiff's prior representation that the interrogatories constituted the "priority" discovery necessary to mediate, Plaintiff identified yet another set of purportedly essential discovery demands that it claimed must be satisfied before mediation could proceed. Plaintiff provided its latest list on March 13. Allstate immediately began gathering the requested information.

At that point, Plaintiff had produced only three documents and limited interrogatory responses. On April 17, the parties met and conferred regarding the deficiencies in Plaintiff's discovery. During that discussion, Allstate identified a limited subset of discoverable information it considered necessary to make mediation productive,[1] and advised that it was preparing

---

[1] Allstate's requested the following basic documents, none of which have been produced:
   1. Information sufficient to determine the price to license the CA Software (which is fundamental to any assessment of Plaintiff's alleged damages);
   2. Information concerning Plaintiff's audit policies and procedures, and communications relating to the audits of Allstate that form the basis of Plaintiff's audit-related claims (which is fundamental to understand both

- 14 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

responses to Plaintiff's March 13 requests. Consistent with that discussion, on April 24, Allstate proposed that the parties agree to a date certain by which both sides would exchange the discovery each contended was reasonable and necessary to facilitate mediation.

Plaintiff did not provide a date or otherwise substantively respond to Allstate's proposal. Instead, it filed discovery dispute notices, including , among other things, apparent complaints with StanCorp's discovery responses that were still subject to the meet and confer process. On May 11 and May 13, Allstate renewed its request that the parties agree to a date certain for reciprocal pre-mediation discovery exchanges. Plaintiff refused. Instead, Plaintiff demanded that Allstate produce the information Plaintiff identified on March 13 before committing to a date for its own production.

On May 22, 2026, Allstate produced the additional information Plaintiff had identified as necessary for mediation. Defendants did so in the expectation that the parties could then proceed with reciprocal exchanges and move toward mediation. To date, however, Plaintiff has not produced the information Defendants requested, identified a date by which it will do so, or provided availability for mediation, to the contrary, on June 11 Plaintiff confirmed that it would not proceed with mediation based on the discovery Allstate provided in response to its "priority" requests, nor did Plaintiff provide any of the documents Allstate requested.

Defendants remain hopeful that both parties can complete the limited discovery each considers necessary and proceed with mediation without court intervention. However, if Plaintiff continues to disregard its discovery obligations, Defendants will have no choice but to involve the Court in order to protect its own rights. The parties have not yet completed the meet-and-confer process regarding Plaintiff's outstanding discovery responses, but intend to do so in the

---

the factual basis for Plaintiff's audit allegations and how Plaintiff contends the audits support any alleged damages);

3. Information concerning plaintiff's contention that "Allstate confirmed that it used CA's copyrighted software for the benefit of StanCorp post-divestiture and has proposed information in discovery showing such use" (Plaintiff made this contention in an interrogatory response; Allstate simply requested an explanation of how Plaintiff contends Allstate purportedly "confirmed" such use, and what specific information Plaintiff contends demonstrates such use);

4. Facts and contentions to support Plaintiff's claim of breach and infringement arising from Allstate's use of CA Software at the enterprise level (which is fundamental to understand what specific conduct Plaintiff claims constitutes a breach of contract or copyright infringement).

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

coming days. Defendants will continue to supplement their disclosures and productions consistent with the Federal Rules and the parties' ongoing obligations.

**9.      Class Actions**

N/A

**10.      Related Cases**

This case has been related to *VMware LLC v. Allstate Insurance Company*, Case No. 3:25-cv-10687-CRB (N.D. Cal.)

**11.      Relief**

*Plaintiff's Statement:* Plaintiff seeks the following relief: (a) Specific performance compelling Allstate to immediately provide complete access to all records, data, systems, and materials subject to audit under the 2021 Order Form; (b) Preliminary and permanent injunctive relief enjoining Allstate from destroying, altering, or concealing any records relating to the use of Plaintiff's copyrighted works and/or noncompliance with the Agreements; (c) An injunction requiring Defendants to cease its unauthorized use, reproduction, and distribution of Plaintiff's copyrighted software; (d) Compensatory damages to be proven at trial; (e) Actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b) or, in the alternative, statutory damages under 17 U.S.C. § 504(c); (f) Costs and reasonable attorney's fees under 17 U.S.C. § 505; (g) Declaratory judgment that the Agreements are properly interpreted consistent with Plaintiff's position as set forth above; (h) Judgment in favor of Plaintiff and against Defendants; (i) All other relief, legal or injunctive, as the Court finds appropriate; and (j) Denial of any relief requested by Defendants in the Prayer for Relief or elsewhere in the Answer, Affirmative Defenses, and Counterclaims, including the counterclaims asserted by Allstate in Allstate's Answer.

*Defendants' Statement:* Defendants state that Plaintiff's claims in this case lack merit and do not entitle Plaintiff to any relief. Defendants seek the following relief: (a) Dismissal of Plaintiff's claims with prejudice; (b) Denial of all relief requested by Plaintiff; (c) As to Defendant Allstate, damages to be determined at trial; (d) Reasonable attorneys' fees and costs; and (e) All other relief to which Defendants might be entitled at law or equity.

- 16 -

JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER

**12.     Settlement and ADR**

The parties have reviewed the handbook entitled "Alternative Dispute Resolution Procedures Handbook" on the Court's ADR website. Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the parties discussed ADR during their Rule 26(f) conference. The parties have agreed to private ADR. The parties filed their Local Rule 3-5 ADR certifications on July 11, 2025 (ECF Nos. 24, 25), indicating that the parties intend to stipulate to an ADR process.

*Plaintiff's Statement*:  Plaintiff has informed Defendants that it is unable to meaningfully mediate with Defendants until Defendants produce documents and information sufficient to ascertain the scope of their unauthorized use. Defendants have only recently begun to produce responsive documents on a rolling basis, and Plaintiff's review of that material is ongoing. Plaintiff remains willing to mediate with Defendants once the parties have all the information they need to lead to a meaningful mediation. While the parties have agreed to participate in private ADR, and the Court has referred the case to private ADR pursuant to the parties' agreement, the parties' agreement does not require Plaintiff to identify a date by which mediation must happen nor impose discovery obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure.

*Defendants' Statement*:  Pursuant to the parties' agreement to participate in private ADR and the Court's order directing that the parties "shall participate in private ADR," (Dkt. 31), Defendants circulated a list of proposed mediators to Plaintiff on September 4, 2025. Despite follow-up efforts, Plaintiff has not agreed to any of Defendants' proposed mediators or identified alternative mediators. As explained in Defendants' statement regarding discovery, Defendants position is that Plaintiff's conduct has been inconsistent with the parties' agreement and Court's orders directing the parties to participate in private ADR. Defendants remain willing to proceed with private mediation and are prepared to schedule a session promptly upon agreement on a neutral.

**13.     Other References**

The parties contend that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER

**14.    Narrowing of Issues**

At this time, the parties have not agreed on any issues that can be narrowed. The parties do not currently request the bifurcation of issues, claims, or defenses but reserve their rights to make such requests upon a showing of good cause.

**15.    Expedited Trial Procedure**

The parties contend that the case is not suitable for designation under the Expedited Trial Procedure of General Order No. 64.

**16.    Scheduling**

The parties propose that the schedule in this matter be adjusted to align with the schedule in related *VMware LLC v. Allstate Insurance Company*, Case No. 3:25-cv-10687-CRB (N.D. Cal.):

| Event | Date |
| --- | --- |
| Close of Fact Discovery | December 14, 2026 |
| Designation of Affirmative Experts and Service of Affirmative Expert Reports | January 18, 2027 |
| Designation of Rebuttal Experts and Service of Rebuttal Expert Reports | February 15, 2027 |
| Close of Expert Discovery | March 15, 2027 |
| Deadline to Hear Dispositive Motions | May 17, 2027 |
| Pretrial Conference | TBD |
| Trial | TBD |

**17.    Trial**

Plaintiff has demanded a jury trial and expects the length of the trial to be 7 days.

**18.    Disclosure of Non-party Interested Entities or Persons**

***Plaintiff's Statement:*** Plaintiff disclosed the following interested parties (Corporate Disclosure Statement, ECF No. 9): Broadcom Inc. is the publicly traded parent company of

Plaintiff CA, Inc. and owns 100% of Plaintiff CA, Inc.'s stock.

*Defendants' Statement*: StanCorp disclosed that it is a wholly-owned subsidiary of Meiji Yasuda Life Insurance Company, a Japanese corporation headquartered in Tokyo, Japan. (ECF No. 17). Allstate disclosed that that it is a wholly-owned subsidiary of Allstate Insurance Holdings, LLC, a Delaware limited liability company. Allstate Insurance Holdings, LLC is a wholly-owned subsidiary of The Allstate Corporation, a Delaware corporation. The stock of The Allstate Corporation is publicly traded. (ECF No. 16)

**19.    Professional Conduct**

All attorneys for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

The parties are not aware of other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: June 12, 2026                    HUESTON HENNIGAN LLP


By:    _____
          Alison L. Plessman

          *Attorneys for Plaintiff*
          *CA, Inc. d/b/a CA Technologies*


Dated: June 12, 2026                    ZWILLGEN PLLC

                                                      */s/ Laura-Kate Bernstein*
By:    _____
          Laura-Kate Bernstein

          *Attorneys for Defendants*
          *Allstate Insurance Company and*
          *StanCorp Financial Group, Inc.*

- 19 -
JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

The Court adopts the joint case management statement.  A Joint Case Management Statement due by December 4, 2026. Case Management Conference set for December 11, 2026 at 8:30 a.m. by video conference. Case Management Conference set for June 26, 2026 is vacated.

**IT IS SO ORDERED.**

Dated: June 15, 2026

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT & [~~PROPOSED~~] ORDER